UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MAXIMILIANO SILEONI,<br><br>            Plaintiff,<br><br>    v.<br><br>DIRECTOR OF CUCP,<br><br>            Defendants. | Case No. 1:22-cv-000138-BLW<br><br>**INITIAL REVIEW ORDER**<br>**BY SCREENING JUDGE** |

Plaintiff Maximiliano Sileoni filed a prisoner civil rights action and a request to proceed in forma pauperis. Dkts. 2, 4. Because of Plaintiff's status as a prisoner requesting authorization to proceed in forma pauperis, the Court must review the Complaint to determine whether it states a claim upon which he can proceed. *See* 28 U.S.C. §§ 1915 and 1915A.

To address the growing trend of frivolous civil rights actions filed by prison inmates, the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), introduced a "three strikes" provision, which precludes a prisoner from filing lawsuits or appeals in forma pauperis if he has previously filed three other actions in federal court that were dismissed on the grounds of frivolousness, maliciousness, or failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(g).

The only exception is that a prisoner with three strikes may be permitted to file an in forma pauperis action if he appears to be "under imminent danger of serious physical

injury." *Id*. If he is not in such danger, then he must pay the $402 filing fee at the time of filing.

Plaintiff's case history shows that, prior to the date he filed the Complaint in this action (March 25, 2022—mailbox rule), he brought three civil actions that were dismissed for failure to state a claim or frivolousness. As a result, he is subject to the three strikes rule under 28 U.S.C. § 1915(g).

Plaintiff's prior cases that fit within the § 1915(g) prohibition are as follows:

1) Case No. 20-cv-00500-DCN, *Sileoni v. State of Idaho*, was dismissed as frivolous on December 7, 2020. Dkt. 7.

2) The appeal from dismissal of Case No. 20-cv-00500-DCN was also determined to be frivolous and is counted separately. Dkt. 15.

3) Case No. 20-cv-00501-BLW, *Sileoni v. ISCI Paralegal*, was dismissed for failure to state a claim on April 20, 2021. Dkt. 9.

4) Case No. 20-cv-00502-DCN, *Sileoni v. Thomson*, was dismissed for failure to state a claim on June 3, 2021. Dkt. 18.

5) Case No. 20-cv-00508-BLW, *Sileoni v. IDOC Staff*, was dismissed as frivolous on January 1, 2021. Dkt. 15.

In the present action, Plaintiff complains that various government agencies are removing money from his prison trust account for items such as restitution and court filings fees. His only source of income is his mother. He asserts that these withdrawals are causing him to lose his relationship with his mother and that she does not want to send him money any more. He asserts that his only alternative is to perform oral sex on multiple male inmates in exchange for envelopes and  hygiene supplies. Contrary to his assertion, the

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

prison supplies these items to indigent inmates; therefore, there is no need for Plaintiff to perform sexual acts on other inmates for money or to barter for items.

There is no imminent danger of serious physical injury evident in the allegations contained in Plaintiff's new lawsuit. In addition, the subject matter is frivolous. There is no constitutional right to not have restitution or filing fees deducted from one's prison trust account. It is subject to dismissal unless Plaintiff comes forward to pay the filing fee of $402 to proceed. If he does not, this case will be dismissed without prejudice.

## ORDER

**IT IS ORDERED** that Plaintiff's Application to Proceed in Forma Pauperis (Dkt. 4) is DENIED, and this action is DISMISSED as frivolous under 28 U.S.C. § 1915.

DATED: June 1, 2022

B. Lynn Winmill
U.S. District Court Judge

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**